WATSON, Judge.
This appeal is limited to the question of whether the trial court abused its discretion in awarding the sum of $175 per month as child support. The child support order against plaintiff-appellant, David E. Hoover, was incidental to a judgment decreeing a final divorce between him and defendant-appellee, Sylvia Aycock Hoover, from whom he had been legally separated for a period in excess of one year.
In the judgment of separation rendered June 11, 1973, alimony pendente lite was fixed by agreement at the sum of $150 per month. This amount was increased to $175 per month by a contested rule decided on August 12, 1974, which also ordered David E. Hoover to carry hospitalization insurance for the child. ■
In his petition for divorce, plaintiff-appellant alleged that his former wife was not entitled to permanent alimony and asked that the award of alimony pendente lite be reduced from $175 per month to $75 per month for child support alone.
The defendant wife reconvened, alleging that there had been a change in circumstances on the part of the plaintiff husband in that he had increased earnings and the expenses of supporting the minor child had increased. She asked that permanent child support be fixed at $250 per month.
The only issues actually tried were child support and visitation rights, since the right to the final divorce was not contested.
The trial court awarded plaintiff a final divorce, confirmed custody in the defendant mother, fixed visitation rights and ordered payment of $175 per month as child support.
Plaintiff contends on appeal that the trial court abused its discretion in awarding the same amount for child support that had been previously ordered for both alimony and child support.
The record reflects that plaintiff has a gross income of $1,100 per month and a net income of about $800 per month. We note that among plaintiff’s substantial monthly expenses are apartment rent of *420 $165 per month and payments on a Corvette sportscar of $176 per month, the automobile having been acquired subsequent to his legal separation.
Appellee has a gross income of $520 per month and a net of $405. Her principal expenses are rent for herself and the child totaling $103 per month and food for herself and the child amounting to $150 per month. Her car note is only $40.30 per month for a Vega automobile.
After studying the record, we find no abuse of discretion by the trial court in ordering child support payments of $175 per month. The trial court stated in written reasons for judgment that the child’s needs amounted to between $326.36, the figure estimated by the mother, and $263.00, if all automobile expense were eliminated. (It is unrealistic to exclude all automobile expenses from a child’s needs in our modern society). The child support by the father was calculated at approximately two-thirds of the child’s needs. As the trial court pointed out, inflation comes into the picture in fixing these figures, and this may account to some extent for the same amount now being awarded solely for child support that was previously allocated to both alimony and child support. Further, the defendant wife is now responsible for the child’s hospitalization insurance, formerly an expense of the plaintiff husband.
Fixing child support is a matter in which the trial court is allowed considerable discretion. While we may have been inclined had we been on the trial court, to reduce the figure from that ordered previously for alimony pendente lite and child support, we cannot say that the trial judge erred or abused his discretion in the amount allowed.
The judgment of the trial court is affirmed, and costs of the appeal are taxed against plaintiff-appellant.
Affirmed.